UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CELINE BRAY, | CASE NO.: 1:13-CV-00040 |
| Plaintiff, | Barrett, J. |
| | Bowman, M.J. |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("Report"), which recommends affirming the non-disability finding of Defendant Commissioner of Social Security. (Doc. 15). Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b). (Doc. 15, PageID 872). Plaintiff Celine Bray filed timely objections to the Report (Doc. 17), and Defendant Commissioner of Social Security filed a timely response (Doc. 18). This matter is now ripe for review.

**I.     SUMMARY OF REPORT AND OBJECTIONS**

In the Report, the Magistrate Judge recommended affirming Defendant's finding of non-disability as supported by substantial evidence in the administrative record. (Doc. 16, PageID 858, 870). In making that recommendation, the Magistrate Judge determined that two specific errors identified by Plaintiff should be overruled. (*Id.*, PageID 862-70). First, the Magistrate Judge determined that the ALJ did not err by failing to give the opinion of the treating psychiatrist controlling weight. (*Id.*, PageID 862-69). Second, the Magistrate Judge concluded that the ALJ did not commit reversible error by failing to consider whether Plaintiff could

1

schedule her regular counseling sessions during non-work hours or whether a future employer would tolerate frequent absences for Plaintiff to attend counseling.  (*Id.*, PageID 869-70).

Plaintiff's objections address only the Magistrate Judge's second conclusion concerning absences from work for counseling. (Doc.  17).

## II.     LEGAL STANDARDS

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a two-fold inquiry. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). First, the Court must determine if substantial evidence supports the Commissioner's decision. Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).  In deciding whether the Commissioner's findings are supported by substantial evidence, the Court considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).  When the ALJ's decision is supported by substantial evidence, the court must affirm that decision even if it would have arrived at a different conclusion based on the same evidence.  *Blakely*, 581 F.3d at 406 (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  Second, the Court must determine whether the ALJ applied the correct legal standards in the disability determination.  *Blakely*, 581

F.3d at 405. Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec'y*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen,* 478 F.3d at 746).

**III.    ANALYSIS**

Plaintiff contends that the Magistrate Judge erred when she overruled Plaintiff's statement of error that Defendant failed to consider whether Plaintiff's counseling sessions could be scheduled during non-work hours or whether an employer would tolerate frequent absences for Plaintiff's counseling. (Doc. 17, PageID 878-79). At its core, Plaintiff's argument is that the ALJ should have found she cannot sustain full-time work because of frequent absences caused by her need for regular counseling. (*Id.*). The undersigned disagrees.

While Plaintiff is correct that the VE testified that "[i]t's best to keep [absences] under two days per month[,]" (Doc. 17, PageID 878) (citing Doc. 7-2, PageID 102), that testimony does not alter the conclusion reached by the Magistrate Judge. The VE's testimony provides no opinion on Plaintiff's expected rate of absenteeism, and the Magistrate Judge correctly recognized (Doc. 15, PageID 869) that the record reflects that Plaintiff's counseling sessions each lasted approximately one hour and would therefore not require her to be absent for a full day of work. (*See* Doc. 7-2, PageID 735-810). While Plaintiff argues that the Magistrate Judge failed to account for travel time to and from the sessions (Doc. 17, PageID 879), she points to no evidence that would undermine the conclusion that she would not be absent for a full day of work for each counseling session if travel time was included. Moreover, Plaintiff testified that she generally sees her counselor twice per month and the record evidence shows that only two of

3

the five discrete periods where she needed more frequent counseling occurred during the relevant period.  (Doc. 15, PageID 870).  Plaintiff also has not pointed to any opinion that Plaintiff's treatment would necessitate missing two or more days from work per month.

The undersigned also agrees with the Magistrate Judge (Doc. 15, PageID 870) that Plaintiff has not presented any evidence that she would not be able to schedule sessions prior to work, after work, on a non-work day, or over a lunch hour to avoid missing work.  To the extent Plaintiff argues that the evidence shows that the counseling sessions could not be scheduled at such times, the undersigned overrules that objection.  While records show that Plaintiff regularly scheduled her therapy sessions on weekdays beginning at 1:00 p.m. or 2:00 p.m., the records also show that some therapy sessions were scheduled at or around 11:00 a.m., 12:00 p.m., and 6:00 p.m.  (Doc. 7-9, PageID 775-76, 806, 809).

The undersigned is not persuaded by Plaintiff's argument (Doc. 17, PageID 879) that the Magistrate Judge improperly shifted the burden to Plaintiff by requiring Plaintiff to produce evidence on the expected rate of absenteeism during normal working hours (Doc. 15, PageID 870).  As the Magistrate Judge pointed out (Doc. 15, PageID 862), the "plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits." 20 C.F.R. § 404.1512(a).  Restrictions on a claimant's ability to sustain full-time work, due to the frequency of appointments, would fall within the analysis of her RFC on which she maintains the burden of proof.  *See Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); *Miller v. Astrue*, No. 1:12-cv-16, 2012 U.S. Dist. LEXIS 180315, at *23-24 (S.D. Ohio Dec. 20, 2012), *adopted by Miller v. Astrue*, 2013 U.S. Dist. LEXIS 12419 (S.D. Oho Jan. 30, 2013); 20 C.F.R. § 404.1520, 416.920.  The absence of evidence showing the sessions would have to be scheduled during normal work hours thus was properly considered by the Magistrate Judge.

The cases relied upon by Plaintiff in support of her remand argument are distinguishable. (Doc. 17, PageID 879). In both of those cases, there was specific affirmative evidence that indicated the plaintiff would have to be absent from work frequently during normal work hours and that those frequent absences likely would impair the plaintiff's ability to work. *Miller v. Astrue*, No. 1:12-cv-16, 2013 U.S. Dist. LEXIS 12419, at *4-7 (S.D. Ohio Jan. 30, 2013) (remand required where evidence showed that plaintiff required two-hour weekly injections during normal work hours, and vocational expert expressed doubt that absences for that treatment would be permitted); *Dent v. Astrue*, No. 07-2238 Ma/P, 2008 U.S. Dist. LEXIS 112281 (W.D. Tenn. Mar. 6, 2008) (remand required to address frequent absenteeism and impact on ability to work where ALJ did not address portion of physician's RFC assessment that stated that the plaintiff's impairments would result in significant absences from work and where record showed frequent medical appointments and visits to emergency room for treatment of various impairments). As explained above and by the Magistrate Judge, that is not the case here. Accordingly, the Magistrate Judge did not err in overruling Plaintiff's statement of error concerning absences from work for counseling.

IV. **CONCLUSION**

Consistent with the foregoing, Plaintiff's Objections (Doc. 17) are **OVERRULED** and the Report (Doc. 15) is **ADOPTED** in its entirety. The decision of Defendant to deny Plaintiff DIB is hereby **AFFIRMED**, as it is supported by substantial evidence in the record as a whole, and this case is **CLOSED**.

**IT IS SO ORDERED**.

s/Michael R. Barrett
JUDGE MICHAEL R. BARRETT
UNITED STATES DISTRICT COURT

5